UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-1162 VBF(JC) | Date | November 30, 2015 |
|---|---|---|---|
| Title | Michael Pineda v. Beidler, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| none present | | none present |

**Proceedings:**           (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS AGAINST UNSERVED DEFENDANT SMALE**

   On June 15, 2015, plaintiff Michael Pineda ("plaintiff"), who is in state custody and proceeding *pro se* formally filed a Civil Rights Complaint ("Complaint") naming three defendants: (1) Correctional Officer Beidler ("Beidler"); (2) Correctional Officer Smale ("Smale"); and (3) Officer N. Fritz ("Fritz") – all of whom were sued in their individual capacities only. The Court has authorized plaintiff to proceed *in forma pauperis* and has directed plaintiff to provide information to enable the United States Marshal's Service ("USMS") to accomplish service of process. More specifically, on June 25, 2015, this Court directed plaintiff to provide completed USM-285 Forms with sufficient information to enable the USMS to effect service on the three defendants named in the Complaint and authorized the USMS to effect service upon such defendants.[1] On July 10, 2015, plaintiff returned completed USM-285 Forms for Biedler, Smale and Fritz, each of which reflected that the defendant in issue could be served at a Rancho Cucamonga Address which corresponds to the San Bernardino County Sheriff's Department West Valley Detention Center.

   On July 29, 2015, plaintiff filed an Amended Civil Rights Complaint ("First Amended Complaint") which is now the operative pleading.[2] The First Amended Complaint names the three

---

   [1] Normally, the 120-day period for service of process upon a defendant mandated by Rule 4(m) of the Federal Rules of Civil Procedure absent a showing of good cause, begins to run from the date of filing of an original complaint against such defendant. See Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006). Here, as plaintiff was not authorized to serve the Complaint until June 25, 2015, due to the Court's screening of the Complaint pursuant to 28 U.S.C. § 1915, the Court found good cause to commence the 120-day period no earlier than June 25, 2015.

   [2] Plaintiff's filing of the First Amended Complaint does not toll or extend the time for service of defendants named in the original Complaint. Lee v. Airgas-Mid South, Inc., 793 F.3d 894, 898 (8th Cir. 2015); Constien v. United States, 628 F.3d 1207, 1216 (10th Cir. 2010), cert. denied, 131 S. Ct. 2884

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-1162 VBF(JC) | Date | November 30, 2015 |
|---|---|---|---|
| Title | Michael Pineda v. Beidler, et al. | | |

defendants sued in the original Complaint, plus Sheriff John McMahon – all of whom are sued in their individual capacities only.

On August 6, 2015, the Court issued a superseding order directing the USMS to serve the original three defendants with the First Amended Complaint, instead of the original Complaint. The Court has not authorized service upon Sheriff McMahon.

On August 14, 2015, the USMS effected substitute service upon defendants Beidler and Fritz. (Docket Nos. 20-21, 24-25). However, the USMS has not been able to effect service upon defendant Smale based upon the information supplied by plaintiff to date, and has been advised that defendant Smale is not employed by the San Bernardino County Sheriff's Office (*i.e.*, cannot be served at the address provided by plaintiff). (Docket Nos. 22-23).

In light of the foregoing, the Court, on October 13, 2015, issued an order ("October Order") affording plaintiff an opportunity to provide further information to facilitate service of process upon unserved defendant Smale and directed plaintiff to provide any additional such information to the Court within thirty (30) days of the date of the October Order, *i.e.*, by **November 12, 2015**. The October Order further cautioned plaintiff that absent a showing of good cause, his failure to provide the Court with accurate and sufficient information to enable the USMS to effect service of the summons and operative First Amended Complaint upon defendant Smale within the 120-day period set forth in Fed. R. Civ. P. 4(m) may result in the dismissal of this action as against defendant Smale. Although such deadline has now expired, to date, plaintiff has not provided any further information regarding defendant Smale and has not otherwise responded to the October Order.

An incarcerated *pro se* plaintiff, proceeding *in forma pauperis*, is entitled to rely on the USMS for service and should not be penalized by having his action dismissed for failure to effect service where the USMS has failed to perform its duties. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). Nevertheless, a plaintiff relying upon the USMS for service must provide the necessary information to effectuate service. Id. Where a *pro se* plaintiff fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court may dismiss the unserved defendant *sua sponte*. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Here, the USMS has been diligent in attempting to effect service upon defendant Smale but has been unable to do so because plaintiff has provided insufficient information.

IT IS THEREFORE ORDERED that the plaintiff shall show good cause in writing, on or before **December 21, 2015**, why this action should not be dismissed as against defendant Smale based upon plaintiff's failure to provide the USMS with adequate information to effect timely service of process

---

(2011); Bolden, 441 F.3d at 1148; Thongnoppakun v. American Express Bank, 2012 WL 1044076, *3 (C.D. Cal. Mar. 26, 2012); Mazaheri v. Pederson, 2010 WL 3618649, *2 n.4 (Sept. 14, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-1162 VBF(JC) | Date | November 30, 2015 |
|---|---|---|---|
| Title | Michael Pineda v. Beidler, et al. | | |

upon defendant Smale and plaintiff's failure to prosecute this action by timely providing such information and responding to the October Order.[3]

**Plaintiff is again cautioned that absent a showing of good cause, his failure to provide the Court with accurate and sufficient information to enable the USMS to effect service of the summons and operative First Amended Complaint upon defendant Smale within the 120-day period set forth in Fed. R. Civ. P. 4(m) may result in the dismissal of this action as against defendant Smale. Plaintiff is further cautioned that the failure to comply with this Order to Show Cause and/or to show good cause, may result in the dismissal of this action as against defendant Smale based upon plaintiff's failure to prosecute and/or plaintiff's failure to comply with this Order to Show Cause.**

IT IS SO ORDERED.

Attachment

Initials of Deputy Clerk: hr

---

[3]To the extent plaintiff voluntarily elects not to proceed with this action as against defendant Smale, he may expedite matters by instead dating, signing and filing the accompanying Notice of Dismissal by the foregoing deadline which will effect a dismissal of this action as against defendant Smale without prejudice.